IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-01-346(2) |
| | § | C.A. No. C-05-192 |
| LUZ ELENA PARRA-DERODRIGUEZ | § | |
|     Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Luz Elena Parra-DeRodriguez's ("DeRodriguez") motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (D.E. 68),[1] which is deemed filed as of April 14, 2005.[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. For the reasons set forth below, the Court DENIES DeRodriguez's motion because it is time-barred. Additionally, the Court DENIES DeRodriguez a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, Cr. C-01-346.

[2] DeRodriguez's motion was received by the Clerk's office on April 21, 2005. It was executed, however, on April 14, 2005, and DeRodriguez states that she delivered it to prison authorities for mailing on that date. A motion by a *pro se* prisoner is deemed filed at the time it is provided to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). Thus, the Court deems the motion filed as of April 14, 2005.

1

## II. FACTS AND PROCEEDINGS

On November 16, 2001, DeRodriguez was indicted in a one-count indictment with knowingly and intentionally conspiring and agreeing to possess with intent to distribute approximately 18.63 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (D.E.1). On January 2, 2002, she pleaded guilty to the indictment pursuant to a written plea agreement. (D.E. 26, 27).

On March 19, 2002, the Court sentenced DeRodriguez to 70 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term, and imposed a $100 fine and a $100 special assessment. (D.E. 51, 55). Judgment was entered against DeRodriguez on April 1, 2002. (D.E. 55). She did not appeal. On March 22, 2005, she filed a "Motion for Sentence Adjustment," which was denied by the Court in an order entered March 25, 2005. (D.E. 66, 67). On April 14, 2005, she filed a motion seeking relief under § 2255 (D.E. 68), which is now pending before the Court.

## III. DISCUSSION

### A.   Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The Fifth Circuit and the

---

[3]   The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered

Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

A defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. Fed. R. App. P. 4(b). At the time that DeRodriguez's judgment was entered, Fed. R. App. P. 26 provided that the ten-day period for appealing did *not* exclude intermediate Saturdays, Sundays and legal holidays.[4] Calculated under Rule 26 in effect at that time, then, ten days after April 1, 2002 is April 11, 2002. In this case, DeRodriguez did not appeal. Her conviction therefore became final when the time for filing an appeal expired, or on April 11, 2002.

She had one year from that date, or until April 11, 2003, to file a § 2255 motion. Because she did not file her motion until April 14, 2005, her motion was filed more than two years late.

Moreover, DeRodriguez's explanation as to why the motion was late does not entitle her to equitable tolling. She explains:

> I really ignorant to the law of the United States and I was not aware that there was one year limit to file 2255 motion, but I pray this court to help me and look into the case and lower my sentence to lower levels.

(D.E. 68 at p. 11). In her attached memorandum, she reiterates that she was not aware of the one-year limitation and asks for equitable tolling.

---

through the exercise of due diligence.

28 U.S.C. § 2255.

[4] At the time final judgment was entered against DeRodriguez, Rule 26(a), Fed. R. App. P., provided that when calculating time under the Federal Rules of Appellate Procedure, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days." Effective December 1, 2002, the rule reads that a litigant should "exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." See 2002 Adv. Comm. Notes, Fed. R. App. P. 26.

The limitations period for § 2255 motions is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  Equitable tolling is not required simply because a petitioner is unfamiliar with the legal process, is unrepresented, or is illiterate.  Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); see also United States v. Benitez, 2003 WL 22456804, at * 2 (N.D. Tex. 2001) (citing United States v. Cordova, 1999 WL 1136759 at *1 (10th Cir. 1999)) (lack of fluency in English not circumstance sufficient to toll limitations). Indeed, the Fifth Circuit has "made it clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling."  Fierro v. Cockrell, 294 F.3d 674, 683 (5th Cir. 2002); see also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)(equitable tolling is not required simply because a petitioner is unfamiliar with the legal process, is unrepresented, or is illiterate); United States v. Wynn, 292 F.3d 226, 229-230 (5th Cir. 2002)(collecting Fifth Circuit authority as to when equitable tolling is warranted and when it is not and applying to § 2255 case).  Consequently, DeRodriguez is not entitled to equitable tolling due to her lack of understanding of the law, the fact that she is unrepresented, or due to any limited English proficiency.

Because her motion is time-barred, and because DeRodriguez is not entitled to equitable tolling, her motion untimely and this Court cannot consider it.

**B.    Timeliness of Booker claim**

DeRodriguez's motion relies, in part, on the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). Specifically, she argues that her constitutional rights were violated because she was sentenced based in part on facts contained in the PSR and found by the Court

4

by a preponderance of the evidence, rather than found by a jury beyond a reasonable doubt. DeRodriguez also argues for the retroactive application of Booker.

Because of these arguments, the Court also addresses separately whether any claim pursuant to Booker is timely. If Booker applies retroactively to cases on collateral review, then her Booker claim is arguably timely under § 2255(3). See supra note 3. For the reasons set forth herein, however, the Court concludes that Booker does not apply retroactively to cases already final on direct review when it was decided. Thus, any claim based on Booker is also subject to dismissal because it is not timely.

### 1. Booker Background

To explain the Court's conclusions regarding the retroactivity of Booker, some background regarding both Booker and its predecessor, Blakely v. Washington, 124 S. Ct. 2531 (2004), is warranted. In Blakely, the Supreme Court held that the trial court's sentencing of the state defendant violated his Sixth Amendment right to a jury trial. Specifically, the court held that Apprendi v. New Jersey, 530 U.S. 466 (2000) and other precedents preclude a judge from utilizing a fact found by him using a preponderance of the evidence standard, in order to impose more than the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by the defendant. Blakely, 124 S. Ct. at 2537-38. Blakely involved a defendant sentenced in a Washington state court pursuant to Washington's determinate sentencing scheme. See generally id.

Booker addressed Blakely's impact on the federal sentencing guidelines, which are applied in federal criminal cases. Booker consists of two majority decisions, and several dissenting decisions, and its analysis is somewhat detailed. At the risk of oversimplifying the decision, however, the holding of Booker was two-fold. First, in the first majority opinion, the Court held that Blakely applied to the federal guidelines. As with the sentencing scheme at issue in Blakely, the

mandatory nature of the federal sentencing guidelines implicated defendants' Sixth Amendment rights, because the guidelines can require judges to find facts and sentence defendants to more severe sentences than could be imposed based solely on facts found by the jury or admitted in the plea colloquy. Booker, 125 S. Ct. at 750-51, 756.

In the second majority opinion, the Supreme Court discussed the remedy to be applied in light of its first holding. The remedy selected by the majority of the justices was to excise certain portions of the guidelines (most notably the provision making them mandatory, 18 U.S.C. § 3553(b)(1), and a provision dealing with appeals from sentencing decisions, 18 U.S.C. § 3742(e)), but to preserve the scheme as a whole. Booker, 125 S. Ct. at 756-57. As a result, the Court's decision rendered the guidelines "effectively advisory." Id. at 757. The court held, however, that district courts are required to consider the advisory guideline sentence when sentencing within the statutory ranges set by Congress. Id.

For the reasons discussed in the next section of this Order, the Court concludes that relief under Booker is not available on collateral review to a defendant like DeRodriguez, whose conviction became final prior to the date Booker was decided, January 12, 2005.

### 2.     Retroactivity Analysis

Neither of the majority opinions states that Booker should be applied retroactively to convictions and sentences that are already final. Indeed, Justice Breyer's decision concerning the proper remedy indicates that the Court's Booker holdings should be applied "to all cases on direct review." Booker, 125 S. Ct. at 769 (emphasis added). By implication, then, the statement would

appear to preclude application to cases not on direct review, i.e., those in which the convictions and sentences have become final.[5]

Even more pertinent to the issue of Booker and Blakely retroactivity is the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), handed down the same day as Blakely. In Schriro, the Supreme Court was faced with determining whether its decision in Ring v. Arizona, 536 U.S. 584 (2002), could be applied retroactively on collateral review. Ring, like Blakely, applied the principles of Apprendi. In Ring, the Court held that a jury must find the aggravating facts statutorily required to impose the death penalty. In Schriro, the Court first concluded that Ring was a new rule of procedure (as opposed to a substantive rule), and noted the general principle that new rules of procedure do not apply retroactively. 124 S. Ct. at 2522-23. It then determined that the rule in Ring did not fall within any of the narrow exceptions to the general principle, as set forth in Teague v. Lane, 489 U.S. 288 (1989), including the exception for "watershed rules of criminal procedure" essential to the fairness of the proceedings. Schriro, 124 S. Ct. at 2524-25. It concluded, therefore, that "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." Schriro, 124 S. Ct. 2526.

This Court finds the reasoning in Schriro to be persuasive and pertinent here. Like the rule in Ring, the rule announced in Blakely (and extended to the federal guidelines in Booker) is a new rule of procedure, but does not fall within any of the Teague exceptions. Accordingly, Blakely and Booker do not apply retroactively to cases on collateral review.

---

[5] The Court recognizes, of course, that retroactivity was not an issue in Booker or its companion case, Fanfan, both of which came to the Supreme Court as direct criminal appeals. Thus, the quoted language arguably has no meaning as to Booker's retroactivity in collateral proceedings.

The Fifth Circuit has not yet addressed whether Booker is retroactively applicable on initial collateral review, although it recently held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, __ F.3d __, 2005 WL 976998 (5th Cir. April 28, 2005). The Second, Sixth, Seventh, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review, however, and have reached the same conclusion as the Court does herein. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, __ F.3d __, 2005 WL 803214 (2d Cir. April 8, 2005)(same). Similarly, in a post-Booker decision, the Tenth Circuit rejected a § 2255 movant's argument that Blakely applies retroactively. United States v. Price, 400 F.3d 844 (10th Cir. 2005). In so doing, the Price court utilized reasoning which would be equally applicable to Booker. See generally id.

Because the Court concludes that Booker is not retroactive to cases on collateral review, and because DeRodriguez's conviction became final prior to January 12, 2005, she is not entitled to relief under Booker.

**C.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."

Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003).  Although DeRodriguez has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether DeRodriguez has stated a valid claim for relief, because she cannot establish the second Slack criterion.  That is, reasonable jurists could not disagree that her motion is time-barred.  Accordingly, DeRodriguez is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, DeRodriguez's motion under 28 U.S.C. § 2255 is DENIED. The Court also DENIES her a Certificate of Appealability.

ORDERED this 10th day of May, 2005.

_____
Janis Graham Jack
United States District Judge